Cecil Franklin Speight
4473 Alta Canyada Rd
La Canada, CA 91011
(310) 999-3506

FILED

2026 JAN 22 PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ______

PAID
JAN 22 2026
CLERK, U.S. DISTRICT COURT
COURT 4612

IN THE UNITED STATES COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| |
|---|
| CECIL FRANKLIN SPEIGHT<br>Movant<br>V.<br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br>Respondent |

CV26-669-MEMF(PDx)

MOTION FOR ORDER

PURSUANT TO CUSTOMER CHALLENGE PROVISIONS

OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

I, Cecil Franklin Speight, move this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the Government from obtaining access to my financial records. The agency seeking access is the United States Securities and Exchange Commission.

My financial records are held by Wells Fargo Bank NA, 1305 W. 23rd St., MAC 54001-01E, Tempe, AZ 85282.

I have attached my sworn statement in support of this motion.

Respectfully submitted,

[signature]

Cecil Franklin Speight

4473 Alta Canyada Red

La Canada Flintridge, CA, 91011

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CECIL FRANKLIN SPEIGHT

Movant

V.

UNITED STATES SECURITIES AND

EXCHANGE COMMISSION

Respondent

I, CECIL FRANKLIN SPEIGHT, am now a customer of Wells Fargo Bank NA, 1305 W. 23rd Street, MAC 54001-01E, Tempa, AZ 85282, and I am the customer whose records are being requested by the United States Securities and Exchange Commission.

The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because this is a classic "fishing expedition" as the formal order of investigation is for ReoStar Energy Corp. and not for me personally. Furthermore, the argument it is a "fishing expedition" is even more confirmed by the fact that they have not requested, not received, nor reviewed the bank statements for ReoStar Energy Corporation and therefore would be unable to make any relevant connection to a need at all for my personal bank records. I can also state and confirm that I am not an Officer or Director of ReoStar Energy Corporation, and in NO WAY have my personal bank accounts EVER been used for any reason in connection with the entity being investigated. My financial records should also not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that a direct correlation to the investigation has not been established and the need for my personal bank records are not relevant to the aforementioned investigation into ReoStar Energy Corporation.

I declare under penalty of perjury that this statement foregoing is true and correct.

CECIL FRANKLIN SPEIGHT

Dated: January 21, 2026

# CERTIFICATE OF SERVICE

I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to:

Kristin Pauley
Assistant Director
Securities and Exchange Commission
175 W. Jackson Blvd, Suite 1450
Chicago, IL 60604-2615

And

Melinda Hardy, Esq.
Assistant General Counsel
Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549

On January 22, 2025.

Cecil Franklin Speight

Central District
255 East Temple Street
Suite 180
~~90012~~ 90012

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Chicago Regional Office
175 West Jackson, Suite 1450
Chicago, IL 60604

**DIVISION OF ENFORCEMENT**

January 13, 2026

**VIA UPS**
Cecil Franklin Speight
4473 Alta Canyada Rd.
La Canada, CA 91011

Re: *In the Matter of Reostar Energy Corp. (NY-11018)*

Dear Mr. Speight:

Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Securities and Exchange Commission (the "Commission") in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-22. On August 22, 2025, the Commission entered a formal order of investigation, "In the matter of Reostar Energy Corp." The attached subpoena was issued pursuant to the formal order of investigation, and the information sought is to assist the Commission in determining the issues set forth in the formal order of investigation. That order states that the Commission deems certain acts and practices to be in possible violation of: Sections 9(a) and 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder; Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933. You may arrange to review a copy of the formal order, if you have not already done so, by contacting me.

The authority for this investigation is: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934. If you desire a copy of the authority for this investigation, please contact me.

If you desire that such records or information not be made available, you must:

(1) Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Commission, and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2) File the motion and sworn statement (together with the applicable filing fee) by mailing or delivering them to the Clerk of any one of the following United States District Courts:

a. Southern District of New York

b. District Court with jurisdiction over the financial institution.

c. District Court with jurisdiction over your place of residence.

d. Any other District Court that is appropriate under 28 U.S.C. 1391(e).

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice. We ask that you also forward to the following email address – RFPA@sec.gov – a copy of any RFPA challenge you file in court.)

(3) Serve the Commission by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:

Kristin Pauley
Assistant Director
Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604-2615

and

Melinda Hardy, Esq.
Assistant General Counsel
Securities and Exchange Commission
100 F St., N.E.
Washington, D. C. 20549

(4) Be prepared to come to court and present your position in further detail.

(5) You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of the earlier of ten days from the date of service or fourteen days from the mailing of this notice, the records or information requested therein will be made available to the Commission. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law), you will be notified after the transfer.

Providing this notice to you shall not be construed as a waiver by the Commission of any

right it may have to assert that the provisions of the Right to Financial Privacy Act of 1978 do not require such a notice.

Very truly yours,

Kristin Pauley

Kristin Pauley
Assistant Director

Enclosures:

- Subpoena
- Instructions
- Motion Form
- Certificate of Service
- Sworn Statement Form

# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of Reostar Energy Corp. (NY-11018)**

To: Wells Fargo Bank, N.A.
1305 W. 23rd St.
MAC 54001-01E
Tempe, AZ 85282

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 14420 Albemarle Point Plaza, Suite 102, Chantilly, VA 20151-1750, no later than February 17, 2026 at 5:30 p.m.

☐ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: *Kristin Pauley* Date: *January 13, 2026*

Kristin Pauley, Assistant Director
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604-2615

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

***In the Matter of Reostar Energy Corp. (NY-11018)***
**January 13, 2026**

**SUBPOENA ATTACHMENT FOR**
**Wells Fargo Bank, N.A.**

## A. DEFINITIONS & INSTRUCTIONS:

1. The term **"Wells Fargo"** means Wells Fargo Bank, N.A. and all of its corporate parents, limited partners, general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, **Wells Fargo**.

2. Reference to an **Entity** shall also include that entity's corporate parents, subsidiaries, affiliates, predecessors, and successors, as well as trade names, or business names used by, or formerly used by the entity.

3. The term **"Document"** includes any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

4. The term "**Communication**" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

5. The term "**Concerning**" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, analyzing or reflecting.

6. The following rules of construction apply to this attachment:

   a. the functional words "**any**" and "**all**" shall be deemed to include the other functional word;

   b. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope;

   c. the use of the singular form of any word includes the plural and vice versa; and

   d. the term "including" means including, but not limited to.

7. Please put an identifying notation on each page of each document to indicate that it was produced by your bank, produced in this matter, and the page number of all the documents submitted.

8. The term **"Relevant Period"** shall mean the time period beginning January 1, 2020. Please produce documents from January 1, 2020 to and including the date of this subpoena.

## B. DOCUMENTS TO BE PRODUCED

Produce all Documents identified below (electronically, pursuant to the Commission's Data Delivery Standards) for the Relevant Period concerning any account in the name of (including, but not limited to, any known account numbers listed below):

| # | Name | Address | Account# (if known) |
|---|---|---|---|
| 1 | Cecil Franklin Speight | 4473 Alta Canyada<br>La Canada, CA 91011 | 3473406290<br>2563230495 |

1. Electronic file of all account transaction data in either **MS Excel spreadsheet file format or in a Delimited Text file format with a preferred delimiter of a vertical bar "|"**, along with a legend sufficient to identify all codes and abbreviations contained therein.

2. Electronic image of all account opening and authority information, including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained;

3. Electronic image of all monthly account statements;

6. The following rules of construction apply to this attachment:

   a. the functional words "**any**" and "**all**" shall be deemed to include the other functional word;

   b. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope;

   c. the use of the singular form of any word includes the plural and vice versa; and

   d. the term "including" means including, but not limited to.

7. Please put an identifying notation on each page of each document to indicate that it was produced by your bank, produced in this matter, and the page number of all the documents submitted.

8. The term **"Relevant Period"** shall mean the time period beginning January 1, 2020. Please produce documents from January 1, 2020 to and including the date of this subpoena.

## B. DOCUMENTS TO BE PRODUCED

Produce all Documents identified below (electronically, pursuant to the Commission's Data Delivery Standards) for the Relevant Period concerning any account in the name of (including, but not limited to, any known account numbers listed below):

| # | Name | Address | Account# (if known) |
|---|---|---|---|
| 1 | Cecil Franklin Speight | 4473 Alta Canyada<br>La Canada, CA 91011 | 3473406290<br>2563230495 |

1. Electronic file of all account transaction data in either **MS Excel spreadsheet file format or in a Delimited Text file format with a preferred delimiter of a vertical bar "|"**, along with a legend sufficient to identify all codes and abbreviations contained therein.

2. Electronic image of all account opening and authority information, including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained;

3. Electronic image of all monthly account statements;

4. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);

5. All Documents sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges.

6. All Documents sufficient to identify safety deposit boxes.

7. All Documents and Communications between bank personnel and the account holder(s) or signatories concerning the accounts above.

8. All Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

Provided, however, that there shall **NOT** be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by Wells Fargo in relation to an account in the name of a "customer" other than Cecil Franklin Speight. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of Wells Fargo, or for whom Wells Fargo is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

## INSTRUCTIONS FOR COMPLETING AND FILING THE ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the enclosed motion and sworn statement forms. The information required for each space is described in parentheses after each space to be completed.

2. The most important part of your challenge application is the space on the "sworn statement" form, where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the enclosed notice. You may also challenge the Commission's access to the financial records if you believe there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order for the applicable fee to the Clerk of the appropriate U.S. District Court. (Courts may charge varying filing fees; you should contact the Clerk of the Court to determine the exact amount.)

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to the Commission officials whose names appear on the Customer Notice. These papers must be received by those officials on or before the earlier of 14 days after the date of mailing of the subpoena or 10 days after delivery for your rights under the Right to Financial Privacy Act to be preserved.

5. If you have further questions, contact the Commission officials whose names and telephone numbers appear on the Customer Notice.